```
                   United States District Court
                      District of Massachusetts
_____
                               )
ROBERT CRANSHAW,               )
         Plaintiff,            )
                               )
         v.                    )   Civil Action No.
                               )   08-10035-NMG
CUMBERLAND FARMS, INC. and     )
L.H.B. ENTERPRISES, INC.,      )
         Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This suit for negligence arises out of personal injuries sustained by the plaintiff when he slipped and fell on a puddle of ice or water on property owned and operated by the defendants. The defendants have moved for summary judgment.

I.  **Background**

The relevant and undisputed facts of this case are relatively few. On December 24, 2004, the plaintiff, Robert Cranshaw ("Cranshaw"), sustained personal injuries when he fell in the parking lot of a Cumberland Farms store in Attleboro, Massachusetts, after getting out of his car. The property is owned by the defendant L.H.B. Enterprises, Inc. ("LHB") and the store is operated by the defendant Cumberland Farms, Inc. ("CFI").

Plaintiff Cranshaw arrived at the store by car and noticed that the parking lot was damp from melting snow. After parking,

-1-

and as he got out of his vehicle, Cranshaw noticed a puddle which may have been water, ice or a combination of the two.  As he attempted to step around the substance he slipped, fell and was injured.  Cranshaw assumed the substance was ice but, in any event, stated that it "looked natural."

The walkway around the store had been treated with salt or some other ice melting agent at the time of Cranshaw's fall but the parking lot itself had not been similarly treated.  After his fall, Cranshaw noticed store employees applying salt or some other substance to the parking lot including the area where he had fallen.

## II.  Procedural History

Plaintiff filed his complaint in the Massachusetts Superior Court, Bristol County, on December 17, 2007.  On January 19, 2008, the defendants removed the case to federal court on diversity grounds.  All fact discovery was to be completed by October 31, 2008, and all expert discovery by January 31, 2009.

On February 17, 2009, the defendants filed the pending motion for summary judgment which the plaintiff opposes.  The defendants have moved to strike portions of plaintiff's affidavit in opposition to their motion for summary judgment.  They assert that the affidavit is not based on plaintiff's personal knowledge and that it seeks to add a new theory of liability that is inconsistent with plaintiff's complaint and answers to

interrogatories.

### III. Motion for Summary Judgment

#### A. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The court must view the entire record in the light most hospitable to the non-moving

party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

**B.   Application**

Under Massachusetts law, a property owner is generally not liable for injuries caused by the natural accumulation of snow or ice. Anderson v. Fox Hill Vill. Homeowners Corp., 424 Mass. 365, 367 (1997) ("As a general rule, there is no duty by a landowner to remove a natural accumulation of snow or ice." (citation omitted)). Nor does liability arise merely because a property owner removes a portion of snow or ice but fails to remove or treat the remaining natural accumulation. See Sullivan v. Town of Brookline, 416 Mass. 825, 827-28 (1994). The rule against liability is grounded in the

> common knowledge that in this climate . . . a number of conditions might exist which within a very short time could cause the formation of ice . . . without fault of the owner and without reasonable opportunity on his part to remove it or warn against it or even ascertain its presence.

Aylward v. McCloskey, 412 Mass. 77, 80-81 (1992) (internal quotation marks omitted) (quoting Collins v. Collins, 301 Mass. 151, 152 (1938)).

The defendants maintain that they are entitled to summary

-4-

judgment because Cranshaw can prove, at most, that his fall was caused by a natural accumulation of ice in the parking lot. According to the defendants, Cranshaw has failed to produce any evidence showing that they caused an <u>unnatural</u> accumulation of ice and therefore he cannot recover on his claim of negligence as a matter of law.

The plaintiff responds that he does not allege that he was injured solely as a result of the natural accumulation of ice but, rather, that the parking lot was designed or maintained in a defective condition which caused the <u>artificial</u> accumulation of water and ice.  He cites cases which hold that a landowner can be liable where a defect <u>apart</u> from the natural accumulation of ice or snow contributes to a plaintiff's injury.  <u>See</u> <u>Athas</u> v. <u>United</u> <u>States</u>, 904 F.2d 79, 82 (1st Cir. 1990) ("[T]he traditional rule in Massachusetts is that a landowner's liability for injuries incurred on his premises depends, <u>inter</u> <u>alia</u>, on the existence of a defect or hazard other than the natural accumulation of water, or ice, or snow . . . .").  The defects here, according to plaintiff, are the improper grading of the parking lot and the existence of depressions which allow water to accumulate and freeze.

Although plaintiff argues that the parking lot is defective, he presents no probative evidence in support of that theory.  He offers only his own affidavit and a series of photographs.  The

affidavit states merely that plaintiff has observed "puddling" and "depressions" in the parking lot on many occasions. Notably, all puddles are necessarily the result of some depression in the underlying surface (however slight) and yet it cannot reasonably be argued that every parking lot or roadway containing puddles is in a defective or unsafe condition. Cranshaw has produced no evidence, expert or otherwise, suggesting that the puddles resulted from improper design, drainage or grading. Cf. Riordan v. Parisi, 63 Mass. App. Ct. 39, 45 (2005) (denying summary judgment based, inter alia, on expert testimony that parking lot had improper pitch). Consequently, no reasonable jury could conclude from the plaintiff's observations alone that the parking lot was designed or maintained in a defective condition.

Plaintiff's photographs also provide him little solace. Notably, most of the photographs were taken in August, 2008, or later. The condition of the parking lot four years after plaintiff's accident sheds no light on whether it was in a defective and unsafe condition in December, 2004. Although photographs taken soon after the accident show puddling, the existence of puddles, without more, could not lead a reasonable jury to conclude that the parking lot design was defective. See Athas, 904 F.2d at 81 (holding post office could not be liable to patron who fell on its property because "there was no evidence

that the wet spots on the Post Office platform resulted from a defect or unnatural condition").

Because the plaintiff has failed to present evidence sufficient to create a material factual dispute, the defendants are entitled to summary judgment in their favor.

**IV. Motion to Strike**

In addition to moving for summary judgment, the defendants have moved to strike plaintiff's affidavit in opposition. Because this Court concludes that defendants are entitled to summary judgment notwithstanding that affidavit, the motion to strike will be denied.

### ORDER

In accordance with the foregoing, defendants' motion to strike (Docket No. 14) is **DENIED** but their motion for summary judgment (Docket No. 9) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 5, 2009